**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

YI SUN,

        *Plaintiff*,

    v.

JAMES U. NOTICE et al.,

        *Defendants*.

Civil Action No. 25-1402 (TJK)

## <u>MEMORANDUM</u>

Yi Sun, proceeding pro se, sued several parties over a landlord-tenant dispute relating to her New York City apartment. ECF No. 1. Only some of the sued Defendants made an appearance, and the Court dismissed those that appeared for lack of personal jurisdiction. ECF No. 61. The Court then expressed doubts that the remaining Defendants were properly served and ordered Sun—to the extent she sought to maintain this action—to show cause why they should not be dismissed for insufficient service of process. *See* Minute Order of May 1, 2026.

Sun has since filed two items on the docket. First, she has provided additional points and authorities in opposition to the Court's dismissal of two Defendants, La Casa Nuestra Housing Development Corporation and James U. Notice. ECF No. 64. Second, she has moved for a preliminary injunction and temporary restraining order. ECF No. 65. In addition to requesting relief, the latter filing also includes representations about Sun's service on the remaining Defendants. Accordingly, the Court construes it as a response to the Court's show-cause order. For the reasons given below, the Court will decline to revise its prior Memorandum Order dismissing the Defendants that appeared, deny Sun's motion for a preliminary injunction and temporary restraining order, and dismiss this case for failure to timely serve.

**I.    The Court Will Not Revise Its Prior Memorandum Order**

Previously, Defendants La Casa Nuestra Housing Development Corporation and James U. Notice moved to dismiss for lack of personal jurisdiction.  ECF No. 56.  The Court granted their motion, explaining that "none of the alleged actions" taken by either Defendant "take place outside of New York," and thus "Sun alleges no connection between La Casa Nuestra or Notice and the District of Columbia."  ECF No. 61 at 3.  However, Sun contended that she was not given her full time to file an opposition to the Defendants' motion to dismiss before the Court issued its Memorandum Order, *see* ECF No. 62 at 2, so the Court granted her additional time to file further points and authorities, offering to "modify its Memorandum Order if necessary."  Minute Order of May 4, 2026.  Sun has done so.  *See* ECF No. 64.

Nothing in Sun's filing persuades the Court to modify its prior order.  Her additional arguments fail to address the basis on which the Court granted the Defendants' motion to dismiss: lack of personal jurisdiction.  Instead, in her "rebuttal to Defendants' Attorneys' main point," Sun argues that the Court "has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1343(4)," as well as the "'Fair Housing Amendments Act' and '42 U.S. Code § 3631 . . . and 'Privacy Act' and 'Amendment IV.'"  ECF No. 64 at 5–6.  But all these cited authorities go to the Court's *subject matter* jurisdiction, not its *personal* jurisdiction.  Whether the Court has subject matter jurisdiction in a suit depends on whether "[t]he character of the controvers[y]" falls within "those subjects encompassed within a statutory grant of jurisdiction."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  The Court agrees that it possesses subject matter jurisdiction over Sun's complaint due to this being a "civil action[] arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That Sun has sued under various federal laws, however, does not mean that the Court has personal jurisdiction over La Casa

2

Nuestra and Notice.  The fact remains that all the allegations Sun makes against them concern their activity in New York.  In the end, nothing about Sun's submission changes the Court's conclusion that it lacks personal jurisdiction over them.

## II.     The Court Will Deny Sun's Request for Preliminary Injunctive Relief

Separately, Sun has filed a motion styled as an "Order to Show Cause for 'Preliminary Injunction and Temporary Restraining Order' and Request a Retrial."  ECF No. 65 at 2.  The title does not match the body of the motion, with the body requesting "a rehearing by an [sic] neutral Judge," which appears to be yet another recusal request.  *Id.*  Regardless of which relief Sun requests, her motion fails.

To the extent Sun is requesting a preliminary injunction or a temporary restraining order, she has not showed that she meets any of their requirements, which are the same.  *See Est. of Coll-Monge v. Inner Peace Movement*, 524 F.3d 1341, 1349–50 (D.C. Cir. 2008) (four-part test for such relief).  Indeed, the body of her motion does not attempt at all to show a "likelihood of success on the merits" of her underlying suit or the "irreparable harm" she will suffer without the requested relief.  *Id.* (quotation omitted).  Thus, the Court will deny the motion to issue a preliminary injunction or temporary restraining order.

To the extent Sun is requesting a "rehearing" before another judge, she seeks this Court's recusal—for the fifth time.  *See* Minute Order of July 10, 2025 (denying a motion for a temporary restraining order on the grounds the Court is "prejudiced"); Minute Order of July 31, 2025 (same); Minute Order of April 15, 2026 (same); Minute Order of May 4, 2026 (same).  In support of her fifth attempt, she argues that the Court has treated her "unfairly."  ECF No. 65 at 3.  Like her prior motions, many of her objections are just disagreements with the Court's prior rulings.  *See id.* ("The Chamber failed to properly evaluate the facts and evidence . . .").  As stated before, such

disagreements are not "legitimate reason[s] for recusal or reassignment outside of the Court's 'judicial rulings.'" Minute Order of May 4, 2026 (quoting *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 494 (D.C. Cir. 2004)).  The remaining arguments assert without factual support that the Court is "influenced by personal prejudices or conflicts of interest" in favor of Defendants.  ECF No. 65 at 3.  Again, as stated before, this bald assertion does not "provide[] 'facts that would fairly convince a sane and reasonable mind to question this Court's impartiality.'"  Minute Order of May 4, 2026 (quoting *Walsh v. Comey*, 110 F. Supp. 3d 73, 77 (D.D.C. 2015)).  Thus, Sun's motion fails no matter how it is construed.

**III.    The Court Will Dismiss the Remaining Defendants and the Case**

Finally, after the Court dismissed those Defendants that had appeared in the suit, it noted that "the remaining Defendants that have not appeared may not have been served, or served properly, for various reasons."  Minute Order of May 1, 2026.  The Federal Rules of Civil Procedure mandate that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or *on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m) (emphasis added).  And by "the plain text of Rule 4, the plaintiff has the burden to 'demonstrate that the procedure employed to deliver the papers satisfies the requirements of the relevant portions of Rule 4.'"  *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (internal citation omitted).

At that point, it had been almost a year—361 days—since the complaint was filed.  And during that time, Sun had made several missteps in properly serving all Defendants and had received, on several occasions, guidance from the Court and additional time to serve.  *See* Minute Order of May 15, 2025 (denying an attempt to serve by email or other alternate means); Minute

Order of June 18, 2025 (walking through the requirements of Federal Rule of Civil Procedure 4(c)(2)); Minute Order of July 10, 2025 (providing a reminder of the 90-day service deadline); Minute Order of July 31, 2025 (granting a 20-day extension of time to effect service). Against that backdrop, the Court gave notice to Sun of its inclination to dismiss the remaining Defendants and ordered her, to the extent she wished to maintain this action—after all, it appears that the Court lacks personal jurisdiction over these Defendants, like the others—to "show cause by May 15, 2026, why each remaining Defendant should not be dismissed for insufficient service of process." Minute Order of May 1, 2026.

That date passed a week ago, and it is not altogether clear that Sun has complied with the Court's show-cause order. Certainly, no separate filing appears on the docket attempting to justify the validity of her service. And Sun has not moved for an extension of the time to serve by trying to show "good cause" for her failure to do so. Fed. R. Civ. P. 4(m). That said, appended at the bottom of Sun's motion seeking preliminary relief and/or recusal, she appears to address the validity of her service on the remaining six Defendants. ECF No. 65 at 4–6. Under the circumstances, the Court understands this to be Sun's response.

Sun has failed to carry her burden to show that service was proper on the remaining Defendants. As the Court noted, it appears that Defendant Karima—apparently a corporate subsidiary of "Verizon Telecommunications Company," ECF No. 1 ¶ 7—was not served at all. Minute Order of May 1, 2026. Sun counters that "Sun sent the Summons by Fax . . . to 'Verizon Security Assistance Team.'" ECF No. 65 at 5–6. But that is not an acceptable form of service. *See* Fed. R. Civ. P. 4(h) (describing acceptable forms of service on a "corporation"). Sun also asserts that she mentioned this form of service before and yet "the Court never brought up this." ECF No. 65 at 6. But the Court was not mistaken; the operative attempt at service does not mention Karima.

5

*See* ECF No. 16.  Only a prior attempt at service mentioned Karima, *see* ECF No. 8 at 13–14, but that attempt was not by fax, and in any case, the Court already explained why that attempt was faulty, *see* Minute Order of June 18, 2025.

The Court also noted its concern that Defendant Tito could not be served through a "Mr. Luis Vargas."  Minute Order of May 1, 2026.  Sun counters that Tito is a "hired electrician by 'La Casa Nuestra Housing Development Fund Corporation/El Barrio's Operation Fightback, Inc" and that "Mr. Luis Vargas" is the "Head Officer" of La Casa Nuestra," making Vargas able to accept service of process on Tito's behalf.  ECF No. 65 at 4.  But while Vargas can perhaps accept service on behalf of La Casa Nuestra because he is that corporation's officer, *see* Fed. R. Civ. P. 4(h)(1)(B), this does not mean that he can also accept service on behalf of Tito, who is an individual.  Service of process via agent for an individual can only be done if the agent is "authorized by appointment or by law to receive service of process" on the individual's behalf.  Fed. R. Civ. P. 4(e)(2)(C).  Sun has provided no reason to think that Vargas fits the bill for Tito.

Service on the remaining Defendants suffers from similar problems, and Sun's explanations do not meet her burden to prove service for them, either.  Defendant Marty Watson is a "cleaner" hired by La Casa Nuestra, ECF No. 65 at 4, and, like Tito, was served via Vargas, *see* ECF No. 16 at 4.  The service on him is faulty for the same reasons it was faulty on Tito.  Defendants Evon Asforis is a "judge of the Housing Court for the Civil Court of the City of New York" and was apparently served via "Martiza Rosa," the administrative assistant of "James Cooney," who is in turn alleged to be Asforis's attorney.  ECF No. 65 at 4–5.  Sun provides no reason to think that Rosa, let alone Cooney, is authorized to accept service on Asforis's behalf, making this explanation insufficient.  *See* Fed. R. Civ. P. 4(e)(2)(C).  Defendant New York State Division of Housing and Community Renewal was apparently also served via Martiza Rosa.  ECF No. 65 at

5.  But, as Rosa does not even work for the Division directly, Sun has provided no reason to think Rosa could be "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for the Division.  Fed. R. Civ. P. 4(h)(1)(B).  Finally, Sun states that she served the remaining Defendant, the 25th Precinct of the New York Police Department, through the Precinct's "Commanding Officer," who is "Captain Eric Carrasquillo." ECF No. 65 at 5.  But "the NYPD is a non-suable agency of the City," making this attempt at service on one of its precincts improper, as all service would need to be directed at "the city of New York" instead.  *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (quoting N.Y.C. Charter § 396).

In sum, after providing her repeated guidance and additional time to serve in the past, the Court provided "notice to the plaintiff" that her service appeared deficient for all remaining six Defendants.  Fed. R. Civ. P. 4(m).  She has failed to meet her burden to show service was proper, nor has she sought more time to serve.  Thus, the Court will "dismiss the action" as to all six, as well as the case.  *Id*.

## IV.    Conclusion

For all these reasons, the Court will deny Sun's motion for a preliminary injunctive relief and dismiss the remaining six Defendants—Evon M. Asforis, Marty Watson, Karima, the 25th Precinct of the New York Police Department, the New York State Division of Housing and Community Renewal, and Tito—for insufficient service of process.  The Court will also dismiss the case.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 22, 2026