**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YI SUN,<br>*Plaintiff*,<br>v.<br>JAMES U. NOTICE et al.,<br>*Defendants*. | Civil Action No. 25-1402 (TJK) |

**ORDER**

Before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Plaintiff's Emergency Filing in Aid of Pending Rule 60(b) Motion. *See* ECF Nos. 70, 71.

First is Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). That rule allows a court "to 'relieve a party or its legal representative from a final judgment, order, or proceeding' on one of six enumerated grounds." *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014) (quoting Fed. R. Civ. P. 60(b)). In addition, no matter what enumerated ground a party seeking relief invokes, the party also must "show some prospect of succeeding on the merits" in the underlying case. *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014). "[C]ourts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources," *id.*, to avoid what would otherwise be an "empty exercise or a futile gesture," *Murray v. Dist. of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). And a Rule 60 motion is "not a vehicle for presenting theories or arguments that could have been raised previously." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (quotation marks omitted). Ultimately, the "decision to grant or deny a rule 60(b) motion is committed to

the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). "The movant under Rule 60(b) bears the burden of showing that he or she is entitled to relief." *Basily v. Bunch*, No. CV 23-2719 (RDM), 2024 WL 4416952, at *2 (D.D.C. Oct. 5, 2024).

Plaintiff invokes Rule 60(b)(2). *See* ECF No. 70 at 3. To prevail on a 60(b)(2) motion, "a moving party must demonstrate that (1) the newly discovered evidence is of facts that existed at the time of the trial or merits proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching." *Almerfedi v. Obama*, 904 F. Supp. 2d 1, 3 (D.D.C. 2012) (cleaned up).

Plaintiff's motion fails on the second and third elements. As for the second element, she does not explain what "due diligence" she previously conducted. *Almerfedi*, 904 F. Supp. 2d at 3; *see* ECF No. 70. And indeed, it seems that due diligence would have turned up her "newly discovered evidence," which is either available on the docket or on the public internet—both of which Plaintiff could have readily accessed at any time. *Cf. Walsh*, 10 F. Supp. 3d at 19. And while Plaintiff alleges that the Court "redact[ed] and shield[ed] all information related to Defense Counsel," the docket contains no such redaction order; indeed, the Court granted Plaintiff online access to the docket in November 2025. ECF No. 70 at 3, *see* Minute Order of November 21, 2025; Minute Order of April 15, 2026.

With respect to the third element, she has not shown that any of her "newly discovered evidence" would probably have changed the outcome of the case. ECF No. 70 at 3. Sun alleges an "improper financial . . . relationship" between the Court and counsel for a defendant based, bizarrely, on her allegation that a man who is purportedly counsel's "immediate family member"

clerked for another judge in this District. *Id.* But that alleged connection, quite obviously, is not the type of "fact[] that would fairly convince a sane and reasonable mind to question this Court's impartiality." *Walsh v. Comey*, 110 F. Supp. 3d 73, 77 (D.D.C. 2015). The same goes for all her other purported newly discovered evidence, which is either baseless or well short of being of "such importance that it probably would have changed the outcome"—or both. *Almerfedi v. Obama*, 904 F. Supp. 2d at 3; *see* ECF No. 70 at 4.

And all told, she has shown no "prospect" at all "of succeeding on the merits" in the underlying case and cannot carry her burden that she is entitled to Rule 60 relief. *Thomas*, 750 F.3d at 903. For all these reasons, the Court will deny Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).

In Plaintiff's Emergency Filing in Aid of Pending Rule 60(b) Motion, she moves under Federal Rule of Civil Procedure 65 for the Court to "issue an immediate Temporary Restraining Order and Preliminary Injunction" (1) "staying the parallel state court proceedings . . . currently scheduled for September 16, 2026"; (2) "enjoin[ing] Judges Granger and Chinea from appointing a [guardian ad litem] or forcing [adult protective services] intervention"; and (3) "order[ing] a rehearing of this matter before an impartial, unconflicted jurist." ECF No. 71 at 6.

The requirements for a temporary restraining order and a preliminary injunction are the same. *See Est. of Coll-Monge v. Inner Peace Movement*, 524 F.3d 1341, 1349–50 (D.C. Cir. 2008). The Court considers whether "(1) the party seeking the injunction has a substantial likelihood of success on the merits; (2) the party seeking the injunction will be irreparably injured if relief is withheld; (3) an injunction will not substantially harm other parties; and (4) an injunction would further the public interest." *Id.* at 1349 (cleaned up). "[P]laintiffs bear the burden of persuasion

on all four preliminary injunction factors." *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014).

Plaintiff does not get past the first factor. The Court dismissed this case in May. *See* ECF No. 61, 66, 67. And for the reasons explained above, Plaintiff's Rule 60(b) motion is meritless. For those reasons, she cannot show a likelihood of success on the merits, and that is enough to deny her motion. *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) (citing *Ark. Dairy Co-op Ass'n, Inc. v. USDA*, 573 F.3d 815, 832 (D.C. Cir. 2009)).

For all these reasons, it is hereby **ORDERED** that Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 70, and Plaintiff's Emergency Filing in Aid of Pending Rule 60(b) Motion, ECF No. 71, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 11, 2026